Joe Angelo (Bar #268542)
jangelo@gajplaw.com
Gale, Angelo, Johnson P.C.
2999 Douglas Blvd., Ste. 111
Roseville, CA 95661
916-290-7778 ph
916-282-0771 fax

Attorney for Plaintiff
Juan Cuevas

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| Juan Cuevas<br><br>Plaintiff,<br><br>v.<br><br>Upstart Network, Inc.<br><br>Defendant. | CASE NO. 2:26-cv-00006<br><br>PLAINTIFF'S COMPLAINT FOR DAMAGES:<br><br>1. Violation of the Telephone Consumer Protection Act<br>2. Violation of the Rosenthal Fair Debt Collection Practices Act<br>3. Invasion of Privacy |

COMES NOW Juan Cuevas (hereinafter "Plaintiff"), an individual, based on information and belief, to allege as follows:

**INTRODUCTION**

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Telephone Consumer Protection Act 47 U.S.C. §227, *et seq.* (hereinafter "TCPA"), which prohibits the use of automated dialing equipment when making calls to consumers, the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788, *et seq.* (hereinafter "Rosenthal Act"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices,

and intrusion upon seclusion, which California has adopted from §652B of the Restatement (Second) of Torts.

2. Plaintiff brings this action against Defendant Upstart Network, Inc. (hereinafter "Upstart") for its abusive and outrageous conduct in connection with debt collection activity.

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. The TCPA was designed to prevent calls like the ones described herein, and to protect the privacy of citizens like Plaintiff, and by enacting the TCPA, Congress intended to give consumers a choice as to how corporate entities may contact them and to prevent the nuisance associated with automated or prerecorded calls.

5. In Calif. Civil Code § 1788.1(a)-(b), the California Legislature made the following findings and purpose in creating the Rosenthal Act:

> (a)(1) The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.
>
> (2) There is need to ensure that debt collectors and debtors exercise their responsibilities to another with fairness and honesty and due regard or the rights of the other.
>
> (b) It is the purpose of this title to prohibit debt collectors from engaging in unfair or deceptive acts of practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts, as specified in this title.

6. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

//

//

## JURISDICTION & VENUE

7. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, and 1367, 47 U.S.C. § 227, and 15 U.S.C. § 1692k(d).

8. This venue is proper pursuant to 28 U.S.C. §1391(b).

9. Defendant Upstart Network, Inc. is a Delaware corporation with its principal location in San Mateo, California. Upstart engages in consumer lending throughout the United States and throughout California.

10. Plaintiff is a California resident and lives within the County of Los Angeles.

## GENERAL ALLEGATIONS

11. Plaintiff is an individual and a "debtor" as defined by Cal. Civ. Code § 1788.2(g).

12. At all relevant times herein, Upstart was a company engaged, by the use of mail, email, and telephone, in the business of collecting a debt from Plaintiff, and "debt" as defined by Cal. Civ. Code § 1788.2(f).

13. At all relevant times, Defendant Upstart acted as a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

14. Upstart has been attempting to collect on a debt that originated from monetary credit that was extended primarily for personal, family, or household purposes, and was therefore a "consumer credit transaction" as defined by Cal. Civ. Code § 1788.2(d).

15. Plaintiff obtained the loan from Upstart for personal, family, or household purposes and used the loans for those purposes.

16. At some point Plaintiff became financially unable to continue repaying the Upstart loan and defaulted on the repayment terms.

17. Plaintiff retained counsel to assist in dealing with the Upstart debt and collection efforts as well as to seek some type of financial relief.

18. Counsel for Plaintiff contacted Upstart in April of 2025 to inform Upstart that Plaintiff was represented by an attorney.

19. Counsel for Plaintiff sent a certified letter to Upstart confirming representation of Plaintiff and that Defendant was to no longer contact Plaintiff directly and that all calls/letters/collection efforts were to no longer be directed at Plaintiff.

20. Upstart, after receipt of Plaintiff's April 2025 letter of representation continued to call Plaintiff directly and otherwise continue with its collection efforts.

21. Upstart's actions were an attempt to continue directly contacting Plaintiff for payment on the account without having to comply with the Rosenthal Act.

22. Plaintiff continued to be harassed by Upstart for months after Upstart received the April 2025 notice of representation.

23. Defendant would call Plaintiff and demand payment on the delinquent account.

24. Defendant would leave pre-recorded messages on Plaintiff's cellular telephone.

25. Most of the messages left by Defendant when Plaintiff did not answer the collection calls were pre-recorded.

26. Plaintiff was contacted often regarding non-payment of the debt owed to Defendant despite Defendant being notified that Plaintiff had retained counsel to deal specifically with the debt owed to Defendant.

27. Defendant's calls were frequent in nature and continued despite receiving written confirmation that Plaintiff was represented by an attorney.

## FIRST CAUSE OF ACTION

(Violation of the Rosenthal Act)
(Cal. Civ. Code §§ 1788-1788.32)
(Against Defendant Upstart)

28. Plaintiff realleges and incorporates herein the allegations in each and every paragraph above as though fully set forth herein.

29. Plaintiff provided written notice via certified mail that he was represented by sending Defendant a letter with the name, address, and contact information of his attorney and informed Defendant that he was represented.

30. Upstart continued to call and attempt to contact Plaintiff despite receiving notice of representation and being informed that Plaintiff had retained counsel and represented Plaintiff with respect to the debt that was owed to Defendant Upstart.

31. The calls and communications made, or caused to be made, by Upstart to Plaintiff were not related to statements from Plaintiff's account and were attempts to collect a debt.

32. Plaintiff received over 55 calls from Defendant, or on behalf of Upstart, after Defendant was aware Plaintiff was represented by counsel.

33.Defendants violated Cal. Civ. Code §1788.14 by contacting Plaintiff after receiving noticed that Plaintiff had retained an attorney.

## SECOND CAUSE OF ACTION

(Violation of the Rosenthal Act)
(Cal. Civ. Code §§ 1788-1788.32)
(Against Defendant Upstart)

34. Plaintiff realleges and incorporates herein the allegations in each and every paragraph above as though fully set forth herein.

35. Defendant placed at least 55 calls to Plaintiff.

36. Plaintiff was contacted multiple times per day by Defendant.

37.Defendant violated Cal. Civ. Code §1788.11(d) by contacting Plaintiff over 55 times in a deliberate attempt to call Plaintiff repeatedly and annoy Plaintiff.

## THIRD CAUSE OF ACTION

(Violation of the Rosenthal Act)
(Cal. Civ. Code §§ 1788-1788.32)
(Against Defendant Upstart)

38. Plaintiff realleges and incorporates herein the allegations in each and every paragraph above as though fully set forth herein.

39. Defendant placed at least 55 calls to Plaintiff.

40. Plaintiff was contacted multiple times per day by Defendant.

41. Defendant violated Cal. Civ. Code §1788.11(e) by contacting Plaintiff over 55 times in a deliberate attempt to call Plaintiff repeatedly and annoy Plaintiff.

**FOURTH CAUSE OF ACTION**
(Violation of the Rosenthal Act)
(Cal. Civ. Code §§ 1788-1788.32)
(Against Defendant Upstart)

42. Plaintiff realleges and incorporates herein the allegations in each and every paragraph above as though fully set forth herein.

43. Upstart placed, or caused to be placed, over 55 calls to Plaintiff.

44. Plaintiff was contacted multiple times per day by Upstart.

45. Upstart knew that Plaintiff was represented by an attorney as it received certified notice stating as much.

46. Defendant violated Cal. Civ. Code §1788.17, in violation of 15 U.S.C. §§ 1692(d) and (c) by calling Plaintiff after Upstart knew that Plaintiff was represented by counsel and in an attempt to harass and annoy Plaintiff.

**FIFTH CAUSE OF ACTION**
(Violation of the TCPA)
(47 USC § 227)
(Against Upstart)

47.Plaintiff realleges and incorporates herein the allegation in each and every paragraph above as though fully set forth herein.

48. Defendant was informed in April of 2025 that Plaintiff was revoking consent to be contacted by Defendant by an auto-dialer and / or receive pre-recorded messages.

49. Defendant frequently called Plaintiff after Plaintiff withdrew his consent to be contacted by an artificial voice and/or pre-recorded message.

50. Defendant would contact Plaintiff daily regarding payment on the account at issue.

51. Defendant placed the above cited calls using an artificial or prerecorded voice to deliver the collection messages without Plaintiff's prior express consent.

52. All calls placed by Defendant to Plaintiff utilized an "automatic telephone dialing system" as defined by 47 U.S.C. §227(a)(1).

53. These calls were made to Plaintiff's cellular telephone and were not calls for an emergency purposed as defined by 47 U.S.C. §227(b)(1)(B).

54. Plaintiff expressly revoked any consent that may have previously been given to Defendant to be contacted by a pre-recorded / artificial voice in April of 2025.

55. These telephone calls by Defendant, or its agent, violated 47 U.S.C. §227(b)(1)(B).

## **NINTH CAUSE OF ACTION**

(Intrusion Upon Seclusion)
(Against Defendant Upstart)

56. Plaintiff realleges and incorporates herein the allegations in each and every paragraph above as set forth herein.

57. According to findings by the FCC, the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

58. Upstart intentionally interfered, physically or otherwise, with the solitude and seclusion of Plaintiff, namely by engaging in unlawful and intrusive communications.

59. Upstart intentionally caused harm to Plaintiff's emotional well-being by engaging in highly offensive conduct in the course of collecting its debt, and thereby invaded and intruded upon Plaintiff's rights to privacy.

60. Plaintiff has a reasonable expectation of privacy in his solitude, seclusion, and/or private concerns and affairs.

61. These intrusions and invasions against Plaintiff by Upstart occurred in a way that would be highly offensive to a reasonable person in that position.

62. Upstart received notice stating that it was no longer to contact Plaintiff as he was represented by counsel and revoked his consent to be contacted on his cellular telephone.

63. As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Upstart.

**Cal. Civ. Code § 3294**

64. Upstart acted with oppression, fraud, and/or malice, thereby entitling Plaintiff to exemplary damages in an amount according to proof and a finder of fact at trial.

65.Upstart had actual knowledge that it continued to violate both state and federal collection laws as it received notice regarding representation of Plaintiff by an attorney.

66. Upstart caused Plaintiff to receive various collection calls.

67.These calls were made with knowledge that Plaintiff was represented by counsel and could not be communicating directly with Plaintiff.

68. Given Defendant's knowledge of Plaintiff's representation and revocation of consent, these calls were an attempt to collect a debt in an illegal manner with a conscious disregard for Plaintiff's rights under both the Rosenthal Fair Debt Collection Practices Act and the Telephone Consumer Protection Act.

69. Given Defendant's knowledge of Plaintiff's representation and revocation of consent, Defendants illegal communications were done to intentionally subject Plaintiff to the unjust hardship of receiving at least 55 calls/pre-recorded messages.

70. The sheer volume of calls was intentionally designed to exhaust Plaintiff into paying Defendant.

71. Upstart also acted with oppression, fraud, and/or malice, thereby entitling Plaintiff to punitive damages in an amount according to proof and a finder of fact at trial.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rules of Civil Procedure 38, Plaintiff hereby demands a trial by jury for all issues of fact triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

- **a.** An award of actual damages pursuant to California Civil Code §1788.30(a), as will be proven at trial, which are cumulative and in addition to all other remedies provided for in any other cause of action pursuant to California Civil Code §1788.32.
- **b.** An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code §1788.30(b), which are cumulative and in addition to all other remedies provided for in California Civil Code §1788.32.
- **c.** An award of statutory damages of $1,500.00 pursuant to 47 U.S.C. §227(b)(3)(C) for each and every violation.
- **d.** Pursuant to 47 U.S.C. §227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- **e.** An award of costs of litigation and reasonable attorney's fees pursuant to Cal. Civ. Code §1788.30(c)
- **f.** An award of actual damages as proven at trial

**Gale, Angelo, Johnson, P.C.**

Dated: January 2, 2026

By: *<u>/s/ Joe Angelo</u>*
Joe Angelo
Attorney for Plaintiff